Lane, C. J.
This bill states that, in 1831, an association of worshiping Christians, calling themselves the Associate Presbyterian Congregation of Ca3sar Creek, in communion with the Associate Presbyterian Church, and in subordination to the Miami Presbytery and Associate Synod of North America, *was organized as a religious assembly, of which one Andrew Heron became the acting pastor; that, in 1841, Heron was charged, before the Miami Presbytery, of certain breaches of discipline, and suspended from his pastoral and clerical functions as a member of the Associate Presbyterian Church; that, upon the promulgation of this sentence, a part of the congregation seceded, elected other trustees, and took possession of the church property.
That, in 1833, one Brown conveyed to the trustees of the Associate Presbyterian Church of Caesar Creek one acre and sixty-six hundreths of land, “ to have and to hold all the lands hereby conveyed to said parties of the second part, trustees as aforesaid of *114 the said Associate Presbyterian Congregation of the Church of Csesar Crook, and their successors in office, as aforesaid, in trust for the use of said congregation, as a place of public worship, and in the name of, and for the use of, the said congregation, as subordinate to the Associate Synod of North America, for the purpose and use aforesaid, forever.”
The plaintiffs, therefore, claiming to be the lawful trustees of the said religious society, pray that the defendants, who are the trustees elected by the seceding members, may bo enjoined, in the language of the pleader, from the “ possession and control of said property, and from disturbing the complainants, and the true Associate Presbyterian Congregation, from its sole possession and control.”
Whatever may be the merits between the parties litigating, it is plain that they can not be investigated under this bill. It is not a bill by cestui que trust, against their trustees, to enforce a due execution of trust, nor is it a bill by trustees against cestui que trust, asking the aid and direction of this court, for the due administration of trust property; but it is a bill by trustees of an estate (if any exists, at law, against other trustees, whoso estato, if any, is likewise at law, to try which legal title is the best. Morgan et al. v. Leslie et al., Wright, 144; Lessee of Bryant et al. v. McCandless, 7 Ohio, 135, pt. 2.
*If the plaintiffs are, as they claim to be, the lawful trustees, let them manifest their title in an action of ejectment, and if they recover the possession, they can then execute the lawful trusts on which they hold the land.
The bill will be dismissed without prejudice to their rights at law. Decree accordingly.